Filed 8/20/25  P. v. Medrano CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VINCENT MEDRANO,<br><br>    Defendant and Respondent. | 2d Crim. No. B340959<br>(Super. Ct. No. CR28216)<br>(Ventura County) |


The People appeal an order granting the petition of Vincent Medrano (respondent) for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1)(A) (section 1170(d)(1)(A)).[1]  The statute provides relief to juvenile offenders who were "sentenced to imprisonment for life without the possibility of parole" (LWOP).  (*Ibid*.)  Respondent does not qualify for relief under the statute because he was sentenced to imprisonment for 51 years to life with the possibility of parole.

---

[1] All statutory references are to the Penal Code.

The trial court concluded that equal protection principles entitled respondent to relief because his 51-year-to-life sentence was the functional equivalent of LWOP when it was imposed in 1991.  We disagree and reverse.

*Factual and Procedural Background*

In *People v. Medrano* (2021) 68 Cal.App.5th 177, we affirmed the denial of respondent's section 1172.6 petition.  The following facts are taken from page 179 of that opinion: respondent and Carlos Vargas purchased a .22 caliber semi-automatic rifle.  Respondent "scored" the "tip" of the rifle's bullets in the belief that "the scoring would make the bullets more explosive."  As overt act No. 7 underlying the conspiracy charge, the jury found that respondent, Vargas, Edward Throop, and Joseph Scholle had "discussed among themselves committing a drive-by shooting."  Vargas drove them to Cabrillo Village in Ventura County.  "Throop held the rifle and sat in the back seat next to [respondent]."  Throop pointed the rifle out the window and fired multiple shots at a group of people attending a baptism party.  As Vargas drove away, Scholle shouted the names of rival gangs.  Two men attending the baptism party died of gunshot wounds.  Two other men were shot but survived.

In 1991 respondent was convicted of two counts of first degree murder with a multiple-death special-circumstances finding (§§ 187, 189, 190.2, subd. (a)(3)), two counts of attempted first degree murder (§§ 664/187, 189), and one count of conspiracy to commit first degree murder (§ 182).  The jury found true allegations that a principal in the commission of the offenses had been armed with a firearm.  (§ 12022, subd. (a)(1).)  Respondent was sentenced to prison for 50 years to life plus one year for the firearm enhancement.  In 1994 we affirmed the judgment in an

2

unpublished opinion, *People v. Medrano* (July 26, 1994, B065832).

*2024 "Heard" Petition*

In August 2024 respondent petitioned the trial court "to recall his sentence pursuant to [Penal Code] section 1170, subdivision (d)(1) & *People v. Heard* (2022) 83 Cal.App.5th 608 [(*Heard*)]." (Capitalization omitted.) Section 1170(d)(1)(A) provides: "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment *for life without the possibility of parole* has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." (Italics added.) The statute "was enacted [in 2012] in response to *Graham* [*v. Florida* (2010) 560 U.S. 48, 82,] which held that the imposition of an LWOP sentence on a juvenile offender convicted of a nonhomicide offense violates the Eighth Amendment." (*People v. Lopez* (2016) 4 Cal.App.5th 649, 653.) Respondent was 16 years old when he participated in the drive-by shooting.

The trial court granted respondent's petition because it believed "the *Sorto* case is controlling here." In *People v. Sorto* (2024) 104 Cal.App.5th 435, the court followed the reasoning of *Heard*. It held that Sorto was entitled to section 1170(d)(1)(A) relief because his sentence of 140 years to life was functionally equivalent to LWOP. (*Id*. at p. 440.)

The published and non-published cases in the wake of *People v. Heard* (2022) 83 Cal.App.5th 608 have fragmented the legal landscape covering sentencing for minors sentenced to prison for the "functional equivalent" of life without parole.

3

There is no good reason for us to reanalyze these opinions and only the California Supreme court can settle this issue.

We have previously held that a sentence of 40 years to life is not the functional equivalent of LWOP. (*People v. Walton* (Jan. 24, 2025, B334605) [nonpub. opn.] by Cody, J., Yegan, A.P.J., Baltodano, J., review den., Liu and Evans would grant review.)

Recently Justice Adams reanalyzed the decisional law and Division Three of the Second Appellate District held that a 50 year to life sentence was not the "functional equivalent" of LWOP. (*People v. Thompson* (2025) 112 Cal.App.5th 1058.) We agree with this well-written and comprehensive opinion.

*Disposition*

The order granting respondent's petition for recall and resentencing pursuant to section 1170, subdivision (d)(1)(A) is reversed. The stay granted by writ of supersedeas on October 30, 2024, is vacated.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO J.

4

Anthony J. Sabo, Judge

Superior Court County of Ventura

_____

Erik Nasarenko, District Attorney, W. Taylor Waters, Snr. Deputy District Attorney, for Plaintiff and Appellant.

Claudia Y. Bautista, Public Defender, William Quest, Snr. Deputy Public Defender, for Defendant and Respondent.